UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY FERENCZ, on her own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL CLINIC CONSULTANTS LLC, a Hawaii company doing business as UNIVERSAL MEN'S CLINIC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>JURY TRIAL DEMANDED |

Plaintiff KIMBERLY FERENCZ ("Representative Plaintiff"), on her own behalf and on behalf of all other similarly situated persons (collectively "Plaintiffs"), by and through their counsel, bring the following complaint against Defendant INTERNATIONAL CLINIC CONSULTANTS LLC doing business as UNIVERSAL MEN'S CLINIC, to obtain from each of them all damages, injunctive relief, attorneys' fees, costs, and other remedies Plaintiffs are entitled to recover under law and equity.

### I.   JURISDICTION AND VENUE

1.   Federal question jurisdiction exists for the claims asserted under federal law by Plaintiffs.

2.   Many of the wrongful acts and omissions referenced in this complaint occurred, were initiated, were furthered, or were given assistance in King County and Washington State.

COMPLAINT
(Case No.        )
Page 1

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

3. Defendant conducts business in King County and Washington State.

## II. PARTIES

4. Plaintiff Kimberly Ferencz is an individual domiciled and residing in King County, Washington.

5. Defendant **INTERNATIONAL CLINIC CONSULTANTS LLC** is a company organized and operating under the laws of the State of Hawaii doing business in Washington State as **UNIVERSAL MEN'S CLINIC.**

6. Defendant directly or else through other persons acting on its behalf, conspired to, agreed to, contributed to, assisted with, and/or otherwise caused all of the wrongful acts and omissions that are the subject of this complaint.

7. But for the conduct of the Defendant and others acting on its behalf, none of the wrongful acts and injuries alleged herein would have occurred.

## III. FACTUAL ALLEGATIONS

8. Defendant and others acting on its behalf operate and market a profit-making enterprise known as "Universal Men's Clinic." Defendant advertises the business as a clinic specializing in medication for erectile dysfunction and low testosterone.

9. Defendant previously conducted business as Hawaii Male Medical Clinic, from multiple locations in Hawaii. In early 2013, Defendant changed the business name in connection with an aggressive growth business strategy. Defendant re-branded the business "Universal Men's Clinic" and began working to generate revenue on the mainland United States.

10. Published reports indicate that Defendant is working to have four business locations in Washington within a short period of time, and that Defendant will open at least four to six new business locations every few years.

11. Defendant opened its first Washington business location in the Nordstrom Medical Tower on First Hill in Seattle. When the business opened, Defendant launched an advertising and public relations campaign to lure customers.

COMPLAINT
(Case No.       )
Page 2

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

12. As part of the marketing blitz, Defendant intentionally sent unsolicited and illegal commercial text messages to large numbers of consumers.

13. On March 20, 2013, Plaintiff, a single woman, received the following spam text message from SMS Short Code 70882:



14. Prior to the transmission of these text messages, none of the consumers to whom these text messages were directed provided Defendant with unmistakably stated consent to be sent the text messages.

15. To send these text messages, Defendant utilized a system of transmission devices which had the capability to send millions of text messages a month to consumers in an automated manner. Upon information and belief, Defendant sent the automated text messages through a mass text messaging service called MessageMedia, which company operates SMS Short Code 70882. MessageMedia also operates SMS Short Code 81593, which on information and belief is an additional Short Code used by Defendant to send text messages on or about March 20, 2013.

16. Defendant used its system of transmission devices to send unsolicited text messages to numerous consumers throughout Washington and the United States. Defendant used its system of transmission devices to send far more text messages than humans could

COMPLAINT
(Case No.       )
Page 3

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

manually transmit in an economical manner. The transmission of so many unsolicited text messages burdened and/or injured the telecommunications infrastructure through which all text messages must pass. As a consequence, cellular service providers incurred avoidable costs which negatively impact the price that consumers like plaintiff pay for cellular telephone services.

17. Consumers like plaintiff have no effective means to avoid the receipt of unsolicited text messages. Receipt of each such text message invariably causes consumers to lose some of the finite storage capacity of their cellular telephones until they examine the text message, review it sufficiently to determine that it is not an invited text message, and then take affirmative steps to delete such unsolicited text messages.

18. Plaintiff did not provide her cellular telephone number to Defendant or its agents for the purpose of receiving marketing messages via text message or any other telephonic communication. Nor did she provide authorization or consent to Defendant or its agents to send her any text message or to store her personal contact information for purposes of marketing defendant's male sexual health services.

19. Like other similarly situated persons, plaintiff was injured as a result of Defendant's actions above in ways including, but not limited to, the following: (a) use of her paid cellular service plan to receive the unsolicited text message from Defendant; (b) Invasion of privacy; (c) Aggravation and annoyance from having to retrieve or administer the unsolicited message; (d) Loss of use of the full capacities and capabilities, e.g., electronic storage space, of his cellular telephone; and (e) Impairment and burden to the cellular telephone network upon which consumers rely.

20. By the conduct detailed above, Defendant directly and/or through authorized agents caused the unlawful transmission of text messages to the cellular telephone numbers of plaintiff and other similarly situated consumers and otherwise engaged in unlawful marketing and advertising practices. This conduct has injured the person and property of plaintiff and consumers like him.

COMPLAINT
(Case No.      )
Page 4

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

21. Defendant's conduct above negatively affects the public interest. Defendant caused the unsolicited transmission of numerous unsolicited text messages to numerous consumers in throughout the United States and its territories, including Washington State.

22. Defendant did not obtain clear and unmistakably stated consent from the intended recipients before sending these text messages.

### IV. CLASS ACTION ALLEGATIONS

23. Representative Plaintiff brings this class action on behalf of herself and as a representative of the following class of persons (the "National Class") entitled to remedies under federal law including, but not limited to, injunctive relief and damages:

> All persons in the United States of America and its territories who were sent, to their cellular telephone numbers, at least one unsolicited text message by Defendant, or someone acting on behalf of Defendant.

24. Representative Plaintiff also brings this class action on behalf of herself and as a representative of the following persons (the "Washington Subclass") who are entitled to remedies under Washington State law including, but not limited to, damages:

> All persons in Washington State who were sent, to their cellular telephone numbers, at least one unsolicited text message by Defendant, or someone acting on behalf of Defendant.

25. Plaintiffs' class claims satisfy all of the requirements for class action certification pursuant to the Federal Rules of Civil Procedures, Rules 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

26. Satisfying all requisite numerosity requirements, numerous consumers in Washington State and numerous consumers throughout the United States are believed to be members of this class. Joinder of so many class members in to a single action is impracticable. In fact, given the number of class members, the only way to deliver substantial justice to all members of the class is by means of a single class action.

27. There are questions of fact and law common to the class, which predominate over any questions affecting only individual members. The questions of law and fact common to the

COMPLAINT
(Case No.      )
Page 5

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

class arising from Defendant's conduct include, without limitation, the following:

    a.     Whether Defendant negligently, willfully, and/or knowingly caused violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, when sending unsolicited text messages to Representative Plaintiff and the National Class?

    b.     Whether Defendant negligently, willfully, and/or knowingly caused *per se* violations of the Washington Consumer Protection Act, RCW 19.86.10, *et seq.*, when sending unsolicited text messages to Representative Plaintiff and the Washington Subclass?

    c.     Whether Defendant negligently, willfully, and/or knowingly caused ordinary violations of the Washington Consumer Protection Act, RCW 19.86.10, *et seq.*, when sending unsolicited text messages to Representative Plaintiff and the Washington Subclass?

    d.     What are the statutory damages that the Defendant must pay for each of the unsolicited text messages that the Defendant caused to be sent to the Plaintiffs?

    e.     Whether Defendant used an automated telephone dialing system ("ATDS") to send text messages to Plaintiffs?

    f.     Whether the transmission of text messages on behalf of Defendant was commercial in nature under RCW 19.190.060?

28.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

29.    Representative Plaintiff's claims are typical of those of the class in that she, just like the other members of the class, was the victim of the unlawful marketing practices referenced in this complaint. The text message which Representative Plaintiff received is typical of the text messages which were transmitted to other members of the class.

COMPLAINT
(Case No.     )
Page 6

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

30. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted in a general manner to the damage of the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests. Moreover, the individual damages of each of the Plaintiffs are so low that it would be economically impracticable for putative class members to bring their claims individually.

31. A primary factor in Plaintiff's bringing this case is for final injunctive relief which is necessary and appropriate to ensure that Defendant ceases its unlawful and wrongful conduct. A class action is the most efficient means to ensure that Defendant does not injure the class in the future.

32. Representative Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff. Also, Representative Plaintiff is represented by a team of attorneys who together have extensive, multi-jurisdictional experience representing clients in complex class action litigation.

33. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impractical and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

34. If this action is not certified as a class action, then given the number of class members, the only way that the court system will not be overburdened by a multiplicity of suits over the subject matter of this complaint is if members of the class cannot or do not pursue an action against Defendant for reasons altogether unrelated to the merits of their claims, *e.g.*,

COMPLAINT
(Case No.      )
Page 7

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

challenges in accessing legal counsel, the mundane realities of surviving in a challenging economy, *et cetera*. Most Plaintiffs can obtain legal representation for their claims only through a class action. The only practical way to ensure that all members of the class are afforded an opportunity to obtain substantial justice with regard to the wrongs and injuries inflicted upon them by Defendant is to resolve the subject matter of this complaint through a class action.

## V.   FIRST COUNT
### Violations of the Telephone Consumer Protection Act
*(Representative Plaintiff and the National Class vs. Defendant)*

35. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

36. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

37. Negligently, recklessly, willfully, and/or intentionally, Defendant directly and/or vicariously engaged in acts, omissions, and/or other conduct as referenced herein this complaint that violates the Telephone Consumer Protection Act. Defendant directly and/or vicariously created, designed, deployed, and otherwise used an ATDS which initiated numerous telephone calls to Plaintiffs' cellular telephone numbers. These telephone calls transmitted unsolicited commercial text messages to the cellular telephones of Representative Plaintiff and the other Plaintiffs as referenced in this complaint.

38. Plaintiffs are entitled to recover $500 in damages from the Defendant for each violation of the Telephone Consumer Protection Act.

39. Additionally, Plaintiffs are entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, and other remedies allowed by the Telephone Consumer Protection Act or else otherwise permitted by law.

40. The Defendant should cease its unlawful conduct now and in the future with (a) a judicial declaration which clearly states the illegality of the conduct and (b) an injunction barring the Defendant from engaging in such illegal conduct in the future.

COMPLAINT
(Case No.      )
Page 8

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

## VI.   SECOND COUNT
### Violations of the Washington Consumer Protection Act
*(Representative Plaintiff and the Washington Subclass vs. Defendant)*

41.   Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

42.   At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Washington Consumer Protection Act and related Washington statutes.

43.   Defendant's practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is a violation of RCW 19.190.060.  This violation, per statute, is a *per se* violation of Washington's Consumer Protection Act, RCW 19.86.010, *et seq.*

44.   Defendant's practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is conduct that vitally affects the public interest and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the Consumer Protection Act, RCW 19.86.010, *et seq.*

45.   Defendant conducted these practices in the scope of its trade and in furtherance of the development and preservation of such business services.

46.   Defendant's violations of the Consumer Protection Act are intentional, willful, and subject to treble damages under RCW 19.86.010, *et seq.*

47.   Plaintiffs have suffered injuries to their persons and property as a direct result of Defendant's numerous violations of RCW 19.86.010, *et seq.*

48.   Defendant's practices are emblematic of organizational policies and agreements which have caused and, if unabated, will continue to cause incidents, occurrences, and conduct which violate RCW 19.86.010, *et seq.*, and RCW 19.190.010, *et seq.*

49.   Plaintiffs are entitled to recover damages for each of the violations of RCW 19.86.010, *et seq.*, in amounts set forth by law and otherwise in accord with proof to be provided at trial.

COMPLAINT
(Case No.        )
Page 9

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

50. Plaintiffs are further entitled to recover damages for each of the violations under RCW 19.190.010, *et seq.*, in amounts set forth by law and otherwise in accord with proof to be provided at trial.

51. Plaintiff*s* will continue to be damaged if Defendant is not compelled to cease and desist unlawful conduct and unfair, deceptive, and unlawful practices.

52. Plaintiffs are further entitled to all attorneys' fees, costs, and treble damages as allowed by RCW 19.86.010, *et seq.*, and as otherwise permitted by law.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff, and all others similarly situated, demand judgment against Defendant and pray this Court do the following:

A. Issue a declaration which makes clear the illegality of Defendant's wrongful conduct.

B. Grant a permanent injunction enjoining Defendant, officers, successors, agents, assigns, and all persons in active concert or participation with Defendant, from engaging in the unlawful conduct, including without limitation their use of an ATDS to send unsolicited text messages, the unfair, deceptive, or unlawful practices concerning the transmission of commercial text messages and commercial solicitations to Representative Plaintiff and other class members, and the deceptive collection and use of contact and tracking information of consumers.

C. Order Defendant to make Representative Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in the above paragraphs in amounts to be determined at trial, but in no event less than $500.00 for each violation of RCW 19.86.010, *et seq.*, RCW 19.190.010, *et seq.*, and 47 U.S.C. § 227.

D. Order Defendant to make Representative Plaintiff and the other class members whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in the above paragraphs, in amounts to be determined at trial.

COMPLAINT
(Case No.        )
Page 10

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

E. Order Defendant to make Representative Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

F. Order Defendant to pay Representative Plaintiffs and the other class members punitive and/or treble damages to the fullest extent allowed by law, including but not limited to all punitive and/or treble damages for a knowing or willful violation of the Telephone Consumer Protection Act and the Washington Consumer Protection Act.

G. Award Representative Plaintiff and the other class members the costs of this action, including attorneys' fees, as authorized by law, the Washington Consumer Protection Act, and/or as sounds in tort, contract, or equity.

H. Grant any additional or further relief as provided by law or equity which this Court finds appropriate, equitable, or just.

### VIII.   JURY DEMAND

Representative Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED:  March 25, 2013

*/s/ Donald W. Heyrich*

Donald W. Heyrich, WSBA #23091
Daniel Kalish, WSBA #35815

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA  98101
Tel: (206) 838-2504
Fax: (206) 838-2505
dheyrich@hkm.com
dkalish@hkm.com

Attorneys for Plaintiff

COMPLAINT
(Case No.      )
Page 11

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504